IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:17CR3094 |
| vs. | |
| MICHAEL R. SCHWEITZER, | **FINDINGS, RECOMMENDATION, AND ORDER** |
| Defendant. | |

Defendant has moved to dismiss the indictment, arguing the evidence in this case—Defendant's alleged statement to employees of the Social Security Administration—cannot be construed as a "threat of force" in violation of 42 U.S.C.A. § 1320a-8b. (Filing No. 18). As stated in Defendant's brief, Defendant allegedly stated to a Social Security employee, "If you fuck with my family, I'm going to fuck with you." (Filing No. 20, at CM/ECF p. 1). Defendant claims the government cannot prosecute Defendant for making this statement unless it shows the statement constituted a "true threat." (Filing No. 20, at CM/ECF p. 2). Defendant argues:

> Mr. Schweitzer's statements are conditional, hypothetical, and no imminent prospect of execution could be perceived by a reasonable person. The statement if the Social Security Administration "fucked with me" *then* "I will fuck with you," is contingent and hypothetical. Only if someone at Social Security did something to Mr. Schweitzer, then he would act. No reasonable person would take the language to mean a true threat, as required for restriction upon the language. The statement was mere hyperbole. While crude and perhaps inappropriate, no reasonable person could interpret such a statement to imply imminent bodily harm.

(Filing No. 20, at CM/ECF p. 3) (emphasis in original).

The government is not permitted to punish speech merely because the speech is forceful or aggressive. The First Amendment "requires a court (or a jury)" to differentiate between true threats and protected speech. United States v. Dinwiddie, 76 F.3d 913, 925 (8th Cir. 1996). The court must consider the entire factual context of the statement and decide whether the recipient of the alleged threat could reasonably conclude that it expresses "a determination or intent to injure presently or in the future." Id. (quoting Martin v. United States, 691 F.2d 1235, 1240 (8th Cir.1982), cert. denied, 459 U.S. 1211, 103 S.Ct. 1207, 75 L.Ed.2d 447 (1983)).

Several factors are considered when determining whether statements are threats of force, including the reaction of the recipient of the threat and of other listeners; whether the threat was conditional; whether the threat was communicated directly to its victim; whether the maker of the threat had made similar statements to the victim in the past; and whether the victim had reason to believe that the maker of the threat had a propensity to engage in violence. Dinwiddie, 76 F.3d at 925. "This list is not exhaustive, and the presence or absence of any one of its elements need not be dispositive." Id. For example, a "threat may be considered a 'true threat' even if it is premised on a contingency." United States v. Bellrichard, 994 F.2d 1318, 1322 (8th Cir. 1993).

Where a defendant faces criminal charges for allegedly threatening a government official, a jury decides whether the Defendant's conduct and statements constituted a true threat, or merely a complaint about official conduct. United States v. Lincoln, 589 F.2d 379, 381 (8th Cir. 1979); see also, United States v. Mabie, 663 F.3d 322, 330 (8th Cir. 2011). "Where a communication contains language which is equally susceptible of two interpretations, one

threatening, and the other nonthreatening, the government carries the burden of presenting evidence serving to remove that ambiguity." United States v. Barcley, 452 F.2d 930, 933 (8th Cir. 1971). If the government fails to present such evidence at trial, the court must direct a verdict of acquittal. Id. But if supported by the evidence, including the context of the statement itself, a jury may find a statement was a legally impermissible threat.

In this case, Defendant has filed a pretrial motion to dismiss the misdemeanor charge. However, the court finds that depending on the context, the statement "If you fuck with my family, I'm going to fuck with you" could reasonably be construed an a true threat. "[T]he jury must decide whether a reasonable recipient, familiar with the context of the communication, would interpret [Defendant's statement] as a threat." United States v. Cvijanovich, 556 F.3d 857, 863 (8th Cir. 2009); see also, United States v. Floyd, 458 F.3d 844, 848 (8th Cir. 2006).

Accordingly,

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to dismiss filed by the defendant (Filing No. 18) be denied in its entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED that the jury trial of this case is set to commence before John M. Gerrard, United States District Judge, in Courtroom 1, United States

Courthouse, Lincoln, Nebraska, at 9:00 a.m. on **January 2, 2018**, or as soon thereafter as the case may be called, for a duration of two (2) trial days. Jury selection will be held at the commencement of trial.

November 28, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge